UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CINDY SHEPHARD,<br>   Plaintiff,<br><br>vs.<br><br>MICHELLE GRIMSELY and<br>SHEBEDA PENNINGTON,<br>   Defendants | No. 18-3088 |

MERIT REVIEW ORDER

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a pro se prisoner, claims Business Administrator Michelle Grimsley and Mailroom Supervisor Shebeda Pennington violated her constitutional rights at Logan Correctional Center. Plaintiff says since she moved to the facility in 2013, there have been numerous problems with mail. For instance, letters sit for weeks without being processed in or out of the facility. Mail from family and friends is returned without explanation of the required procedures. "Privileged mail" is opened. (Comp., p. 5). And, legal mail is delayed causing problems meeting court deadlines. Plaintiff does not request damages, but a change in mailroom policies and procedures.

Inmates have a First Amendment right both to send and receive mail. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). However, "an isolated delay or some other relatively short-term ... disruption in the delivery of inmate reading materials will not support ... a cause of action grounded upon the First Amendment." *Id.*

Unfortunately, Plaintiff's complaint includes only vague allegations without reference to any specific time frames or events which specifically impacted Plaintiff. For instance, when was Plaintiff's privileged mail opened outside of her presence? How often was her mail delayed and for how long?

In addition, Plaintiff makes no mention of either Defendant in the body of her complaint. *See Potter v Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints."). Liability under § 1983 hinges on personal involvement in a constitutional deprivation. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Lacour v. T. Duckworth*, 2017 WL 3313702, at *6 (S.D.Ill. Aug. 3, 2017)("Absent any indication of who was involved in these constitutional violations, the First Amendment claim fails.").

If Plaintiff further intends to state a claim based on a delay in receiving legal mail, she also must provide information concerning what legal mail was delayed and what deadlines she missed. While a prisoner does have a fundamental right of access to the courts, that right is only violated when an inmate was deprived of access and suffered a specific injury as a result of the deprivation. *See Lewis v. Casey*, 518 U.S. 343,

349 (1996); *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir.2009). "The actual injury requirement is not waived even if systemic, continuous denials are alleged." *Dickerson v Hostetler*, 2010 WL 1241815 at 3 (C.D. Ill. March 22, 2010) *citing Ortiz*, 561 F.3d 664.

Consequently, Plaintiff's complaint is dismissed as a violation of Rule 8 of the Federal Rules of Civil Procedure. However, the Court will allow Plaintiff additional time to file an amended complaint if Plaintiff believes she can clarify her allegations and state a constitutional violation.

The amended complaint must explain how the problems with the mail system specifically impacted the Plaintiff with more specific time frames included. Plaintiff must also explain how any named Defendant was involved in her claims. Finally, the amended complaint must stand complete on its own, without reference to the original complaint.

Plaintiff's motion for appointment of counsel is denied with leave to renew after Plaintiff files an amended complaint clarifying her intended claims. [4]. Plaintiff is also advised she has no constitutional or statutory right to counsel in this case, and the Court cannot require an attorney to accept a pro bono appointment. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

In addition, if Plaintiff chooses to file a renewed motion for appointment of counsel, she must demonstrate she has "made a reasonable attempt to obtain counsel or been effectively precluded from doing so..." *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). For instance, Plaintiff

should include a list of attorneys contacted or copies of any letters sent or received in her effort to find counsel.

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed as a violation of Rule 8 of the Federal Rules of Civil Procedure.

2) The Court will allow Plaintiff an opportunity to file an amended complaint clarifying her claims in compliance with this order.

3) The amended complaint must be filed within 21 days or on or before July 31, 2018. If Plaintiff does not file her complaint by the July 31, 2018 deadline, or fails to follow the Court's instructions, her case may be dismissed.

4) The Clerk of the Court is to reset the merit review deadline within 30 days of this order.

ENTERED this 10th day of July, 2018.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE